NUMBER 13-08-514-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

SHARON MANNING, Appellant,


v.



COUNTRYWIDE HOME LOANS, INC. 

AND WILLIAM LAREW OR DIANE LAREW, 

SUBSTITUTE TRUSTEES, Appellees. 

_____________________________________________________________


On appeal from the 94th District Court of Nueces County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Justices Rodriguez, Garza and Benavides


Memorandum Opinion Per Curiam


 Appellant, Sharon Manning, attempted to perfect an appeal from a judgment
entered by the 94th District Court of Nueces County, Texas, in cause number 05-00022-C. 
Judgment in this cause was signed on May 1, 2008. A motion for new trial was filed on
May 30, 2008. Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of
appeal was due on July 30, 2008, but was not filed until August 26, 2008. 

 The appellant filed a motion for extension of time to file notice of appeal on August
26, 2008, twenty-seven days after the deadline for filing a notice of appeal. A motion for
extension of time is necessarily implied when an appellant, acting in good faith, files a
notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace
period provided by Rule 26.3 for filing a motion for extension of time. See Verburgt v.
Dorner, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). 

 The times for filing a notice of appeal are jurisdictional, and absent a timely filed
notice of appeal or an extension request, we must dismiss the appeal. See Tex. R. App.
P. 2, 25.1(b), 26.3; Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997) (holding that
once extension period has passed, a party can no longer invoke an appellate court's
jurisdiction); see also Barrera v. Canales, No. 04-01-00221-CV, 2001 Tex. App. LEXIS
3878, *2 (Tex. App.-San Antonio June 13, 2001, no pet.) (per curiam).

 The Court, having examined and fully considered the documents on file and
appellant's failure to timely perfect her appeal, is of the opinion that the appeal should be
dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR
WANT OF JURISDICTION. See Tex. R. App. P. 42.3(a),(c).

 PER CURIAM


Memorandum Opinion delivered and

filed this the 30th day of October, 2008.